(8 Misc. Rep. 366.)

## RHODES v. NEW YORK CENT. & H. R. R. CO.

(Superior Court of Buffalo, General Term.   May 3, 1894.)

MASTER AND SERVANT—INJURIES TO THIRD PERSONS.

> While plaintiff, an inspector employed by a palace-car company, was examining an automatic coupler, his hand was caught therein and, before he could extricate it, was crushed by a car of defendant railroad company, which was making up a train consisting, in part, of the palace cars.  Plaintiff gave evidence that defendant's employes were warned of the danger, and such employes testified that, if they had known of plaintiff's inability to escape, they could easily have prevented the injury.  *Held*, that the evidence did not necessarily show that defendant's servants willfully and maliciously injured plaintiff.

Appeal from trial term.

Action by Henry H. Rhodes against the New York Central & Hudson River Railroad Company for personal injuries.  From a judgment entered ·on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on a case and exceptions, defendant appeals. · Affirmed.

Argued before TITUS, C. J., and HATCH, J.

James F. Gluck, for appellant.
George W. Cothran, for respondent.

WHITE, J.   This action is prosecuted to recover damages alleged to have been sustained by the plaintiff by reason of the defendant's negligence.  The defendant was engaged in making up a train of cars in its depot at Buffalo, which was to consist in part of sleeping or palace cars owned by the Wagner Palace-Car Company.  The plaintiff was in the service of the latter company as an inspector·

of its cars.   While in the discharge of his duty, his left hand was accidentally caught and held fast by an appliance in the drawhead of a standing car to which another was being moved for the purpose of coupling the two together in the train then being made up.   The appliance which caught and held the plaintiff's hand was intended so to adjust itself in the drawhead of the approaching car as to securely hold the two cars together when they were brought into juxtaposition by a moderate degree of force, but this appliance, called the "dog," was seen to be out of its proper position as the two cars approached each other, and it was in attempting to adjust it that the plaintiff's hand was caught.   While the plaintiff was in this condition, and unable to escape, the defendant caused the moving car to come in contact with the one standing, and the plaintiff's hand was crushed.   The evidence on the part of the plaintiff tends to prove that the defendant's servant in charge of the moving car was warned of the plaintiff's inability to escape from the danger which threatened him, and that he could easily have prevented the injury.   On the other hand, the defendant's witnesses deny that they knew plaintiff's hand was caught, and admit that if they had known of his inability to escape they could easily have prevented the injury.   The defendant's witnesses claim, or at least it is fair to infer from their testimony, that they supposed the plaintiff could and would extricate himself in time to avoid injury.   It is claimed by the defendant that the only inference justified by the evidence in the case is that the act of the defendant's servant which caused the injury complained of was purely malicious, without the scope of his employment, and that consequently the defendant is not responsible for the consequences of that act.   It was the duty of the defendant's servants to couple these two cars together, and they were engaged in the discharge of that duty in doing what they did.   It is but fair to believe the testimony of the defendant's witnesses in so far as it is a denial of knowledge on their part that the plaintiff was unable to extricate himself from danger.   The conduct and language attributed to the defendant's servant in charge of the moving car does not, to my mind, necessarily indicate a willful or malicious design to inflict injury upon the plaintiff, but indicates rather a failure to comprehend or ascertain his condition and to act accordingly; and to my mind the verdict of the jury characterizing that conduct as negligent, instead of criminal, is but fair and reasonable.

At the request of the defendant the court charged the jury, in substance, that if the plaintiff went in to look at the coupler at the request of the defendant's servant, after having once inspected it and found it in order, it was not in the discharge of his duty so to do, and any risk he thereby incurred he voluntarily assumed, and could not hold the defendant liable therefor; and it is now urged that the refusal of the court thereupon to charge that the defendant was entitled to a verdict constitutes reversible error.   This claim of the defendant is based upon the assumption that the evidence in the case conclusively established (1) that the plaintiff's hand was caught, and he was unable to avoid the injury he received by reason of hav-

ing gone between the cars to look at the coupler; and (2) that prior to the time when his hand was caught the plaintiff had inspected this coupler, and found it all right; and (3) that in fact the coupler was all right when the plaintiff's hand was caught.    Not one of these propositions was necessarily found to be true by the verdict of the jury.    The accident was not caused solely by reason of the plaintiff going between the cars to look at the coupler.    According to the evidence of the plaintiff, the "dog" was out of place, but the fact had been overlooked by him until his attention was called to it; and in attempting to adjust the "dog" immediately thereafter his hand was caught.    Probably under no circumstances which the jury might have found by their verdict would the fact of an attempt by the plaintiff to adjust the "dog" in the exercise of due care have relieved the defendant from its duty to exercise reasonable care to shield him from harm while engaged in the performance of his duty in that respect.    The plaintiff owed no duty to the defendant except that which rests upon all men at all times to use due care to avoid injury at the hands of another.    Rules of law which regulate the conduct of master and servant have no application as such to the facts in this case.    If the charge is conceded to have been erroneous it did not prejudice the defendant.    In my opinion, the verdict of the jury was right on the merits, and therefore the order and judgment appealed from should be affirmed, with costs.